IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 15-cv-1521-WJM-KMT

CELINA R. DAVIS, Substituted for
DUANE S. DAVIS, Deceased,

    Plaintiff,

v.

ROBERT A. MCDONALD, Secretary Department of Veterans Affairs

    Defendant.

---

## ORDER SUSTAINING PLAINTIFF'S OBJECTION AND OVERRULING THE JUNE 27, 2017 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Plaintiff Duane Davis ("Mr. Davis") brought claims under Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973 against Robert McDonald ("Defendant") in his official capacity as Secretary of the Department of Veterans Affairs. This matter is before the Court on the June 27, 2017 *sua sponte* Recommendation by U.S. Magistrate Judge Kathleen M. Tafoya ("Recommendation," ECF No. 57) that the case be dismissed with prejudice for failure to serve verified responses to written discovery, repeated failure to comply with the Federal Rules of Civil Procedure and this District's Local Rules, and failure to prosecute.

Mr. Davis filed an Objection to the Recommendation. ("Objection," ECF No. 58.) Defendant then filed a Response to Plaintiff's Objections ("Response," ECF No. 63) and the Court set a hearing on December 15, 2017 to discuss the Recommendation with the parties. (ECF No. 70.) During that hearing, the Court ordered Defendant to file his

proposed sanction in lieu of dismissal with prejudice and ordered Mr. Davis to respond with his suggestion, if any, of an alternative form of sanction. (ECF No. 71.)

Before the Court issued a ruling on Judge Tafoya's Recommendation regarding sanctions, Mr. Davis passed away. His attorney, Mr. John Davis ("Plaintiff's counsel"), filed a Suggestion of Death and Motion for Substitution of party (ECF No. 78), which the Court granted (ECF No. 79). The Court determined that the interests of Mr. Davis in this litigation have been transferred to his wife, Celina Romero Davis ("Plaintiff"), and substituted her as the real party in interest and the plaintiff in this action. (ECF No. 79.)

For the reasons set forth below, the Plaintiff's Objection is sustained, the Magistrate Judge's Recommendation is overruled, and the Court applies sanctions other than dismissal with prejudice.

## I. BACKGROUND

Neither party objects to the recitation of facts set forth by the Magistrate Judge in the June 27, 2017 Recommendation. (ECF No. 57 at 1–4.) Accordingly, the Court adopts and incorporates that portion of the Recommendation as if set forth herein.

Briefly, Mr. Davis filed this action on July 16, 2015 (ECF No. 1)[1] and Judge

---

[1] Although not relevant to Judge Tafoya's recommendation, the underlying complaint explains that Mr. Davis began working at the Denver Regional Office of the Department of Veterans Affairs ("the VA") in 1988 and continued to work there until he was allegedly forced to retire in 2011. (ECF No. 1 at 2, 11, ¶¶ 6–7, 85.) During his employment at the VA, he was diagnosed with a bad back, hypertension, and swelling of hands, feet and legs due to congestive heart failure. (*Id.* at 3, ¶¶ 10–12.) Plaintiff brings three claims against Defendant. Plaintiff first alleges that Defendant "failed and refused to grant a reasonable accommodation of [Mr. Davis's] medical conditions" in violation of his rights under the Rehabilitation Act of 1973. (*Id*. at 12, ¶ 89.) Second, Plaintiff alleges that Mr. Davis was retaliated against for engaging in the VA Equal Employment Opportunity ("EEO") Complaint Process—a protected activity under Title VII of the Civil Rights Act of 1964 and Rehabilitation Act of 1973. (*Id.* at 12, ¶¶ 90–93.) Third, and finally, Plaintiff alleges that Defendant, "in perpetuating the acts and practices described herein, purposefully made [Mr. Davis's] work environment so hostile, and made his

Tafoya held a scheduling conference on January 20, 2016 (ECF No. 23). On April 26, 2016, the parties filed a joint motion for a status conference, because Plaintiff's counsel had been advised by his physician to refrain from practicing law for a minimum of 90 days due to his ill health and was thus unable to participate in discovery. (ECF No. 26 at 2, ¶ 5.) Judge Tafoya continued the case deadlines for nearly four months. (ECF No. 28.) On September 12, 2016, Defendant filed an unopposed motion to amend the scheduling order because although Defendant had recently received copies of some of Mr. Davis's medical records requested in January 2016, Defendant had not received responses to the other discovery requests issued in January 2016. (ECF No. 29 at 2, ¶ 8.) Judge Tafoya granted the motion and continued all case deadlines for another month. (ECF No. 31.) On October 6, 2016, Defendant filed a motion to compel the production of these same documents. (ECF No. 32.) After a hearing, Judge Tafoya granted the motion to compel on November 1, 2016. (ECF No. 38.) Judge Tafoya also extended the case deadlines by another 45 days. (*Id.*)

On March 13, 2017, the parties filed another motion to amend the scheduling conference because of Plaintiff's counsel's health issues and inability to participate in discovery. (ECF No. 41.) Judge Tafoya again granted the motion and extended all case deadlines for 45 days. (ECF No. 43.)

On May 2, 2017, Defendant filed his second motion to compel discovery

---

working conditions so intolerable that [Mr. Davis] was forced to resign in order to preserve his physical and mental health." (*Id.* at 13, ¶ 95.) Mr. Davis contends that he "[was] still suffering loss of income and wages, loss of employment opportunities, promotion, loss of personal and professional esteem," as well as mental anguish and emotional distress at the time he filed his Complaint. (*Id.* at 13, ¶ 96.)

because Plaintiff's counsel had failed to respond to discovery requests served more than four months prior. (ECF No. 44.) Mr. Davis did not respond to the motion to compel. (ECF No. 57 at 3.) Judge Tafoya held a hearing on the motion to compel on June 14, 2017. (*Id.*) During the hearing, Plaintiff's counsel apologized to the Court and Defendant, but claimed that Mr. Davis had provided everything he had to the Defendant. (*Id.*) Plaintiff's counsel also agreed to respond to the discovery responses by June 19, 2017, and Judge Tafoya awarded Defendant costs and attorneys' fees against Plaintiff's counsel. (ECF No. 53.) Additionally, Judge Tafoya warned Plaintiff's counsel that failure to comply with the Court's orders and further failure to respond to discovery requests would result in a recommendation that the case be dismissed with prejudice. (*Id.*) On June 26, 2017, Defendant filed a status report advising Judge Tafoya that the discovery ordered to be produced had not been received and Plaintiff's counsel had not communicated with Defendant regarding the outstanding discovery. (ECF No. 56.)

Judge Tafoya then recommended that the case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure Rule 37(b).

## II. LEGAL STANDARDS

### A. Standard Of Review

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge

4

may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*. Here, Mr. Davis filed a timely objection to the Magistrate Judge's Recommendation. *See* Fed. R. Civ. P. 72(b)(2). Therefore, this Court reviews the issues before it *de novo*.

**B.      Fed. R. Civ. P. 37(b)(2)**

Federal Rule of Civil Procedure Rule 37(b)(2)(C) permits a court to issue an order dismissing the action, if a party "fails to obey an order to provide or permit discovery." *See also Nat'l Hockey League v. Metro Hockey Club*, 427 U.S. 639, 642 (1976); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). It is the Tenth Circuit's view that determination of a correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make. *Ehrenhaus*, 965 F.2d at 920.

The Court recognizes that "dismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Meade v. Grubbs*, 841 F.2d 869, 872–73 (10th Cir. 1987). In many cases, "a lesser sanction will deter the errant party from further misconduct." *Ehrenhaus*, 965 F.2d at 920. "Because dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort." *Meade*, 841 F.2d at 1520 n.6 (citations omitted). The district court's discretion in selecting the appropriate sanction "is limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery." *Ehrenhaus*, 965 F.2d at 920 (citing *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)).

5

In order to determine whether dismissal is a "just" sanction, the district court should consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Id*. at 921. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Meade*, 841 F.2d at 1521 n.7. Rather than a rigid test, these factors "represent a criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921.

### III. ANALYSIS

Judge Tafoya considered each of the *Ehrenhaus* factors and determined that "Plaintiff's [counsel's] conduct in this matter provides ample justification for the extraordinary penalty of dismissal with prejudice." (ECF No. 57 at 5.)

In considering the degree of actual prejudice to the Defendant, Judge Tafoya found that Mr. Davis's failure to produce discovery prejudiced Defendant "in the filing of dispositive motions, in preparing for trial, and in obtaining prompt adjudication of the claims against him." (*Id.*) As a result of Defendant's many attempts to obtain discovery to defend his case, he "has been forced to expend money, time, and effort." (*Id.*) Second, Judge Tafoya found that "[Mr. Davis's] noncooperation has interfered with the judicial process," as she was forced to hold two separate hearings on motions to compel and has entertained multiple motions for extension of deadlines by both parties

6

due to Plaintiff's counsel's "failure to cooperate with discovery." (*Id.*) Third, Judge Tafoya found that Mr. Davis's conduct was responsible for impairing . . . the court's management of its docket and its effort to avoid unnecessary burdens on the court and the opposing party. (*Id.*) Fourth, Mr. Davis was expressly notified by Judge Tafoya in the hearing held on June 14, 2017 that "[f]ailure to respond may result in sanctions including dismissal of the case." (ECF No. 53.) Finally, Judge Tafoya concluded that there is no lesser sanction that is appropriate under the circumstances. (ECF No 57 at 7.) Specifically, given that the award of attorneys' fees and the threat of dismissal had no impact on Plaintiff's counsel's conduct, Judge Tafoya found that "[i]t would be pointless to impose any lesser sanction on Plaintiff, who has repeatedly failed to comply with the rule of this court and failed to advance this case." (*Id.*) Based on this evaluation of the *Ehrenhaus* factors, Judge Tafoya determined that dismissal with prejudice was a just sanction in this case.

In his Objection, Plaintiff's counsel argued that the case should not be dismissed because the delay in complying with discovery requests was the result of Plaintiff's counsel's ill health, not Mr. Davis's actions. (ECF No. 58 at 3.) Plaintiff's counsel argued that Plaintiff should not be penalized with a dismissal of his case, because Mr. Davis "made every effort to cooperate with Defendant's discovery requests." (*Id.*) Indeed, Plaintiff's counsel acknowledged that by the time Defendant filed his second motion to compel, "the only responses Defendant had received came directly from Plaintiff and not through Plaintiff's counsel." (*Id.*)

In reviewing the issues before it, the Court concludes that in this case, the

7

aggravating factors do not "outweigh the judicial system's strong predisposition to resolve cases on their merits" as required under the *Ehrenhaus* test and thus a dismissal with prejudice is not warranted at this time. *Ehrenhaus*, 965 F.2d at 921. While the Tenth Circuit has affirmed dismissal with prejudice under similar circumstances,[2] this is ultimately a matter of the District Court's discretion. *Id.* Having considered the specific circumstances of this case, the Court finds that exercising discretion in favor of dismissal with prejudice will not serve the interest of justice at this time. Accordingly, the Magistrate Judge's Recommendation is rejected.

## IV. ALTERNATIVE SANCTIONS

Considering the ultimate sanction of dismissal with prejudice proposed by the Magistrate Judge, the Court set a hearing to discuss Judge Tafoya's Recommendation with the parties. (ECF No. 70.) At the December 15, 2017 hearing, the Court did not rule on Mr. Davis's Objection, but rather ordered Defendant to file a proposed sanction short of dismissal by December 29, 2017 and ordered Plaintiff to respond with a suggested alternative form of sanction, also short of dismissal, by January 5, 2018. (ECF No. 71.)

Defendant proposed three sanctions: First, Defendant asks for the exclusion of certain witnesses' testimony. (ECF No. 72 at 3.) Specifically, Defendant claims that "neither [Mr. Davis's] initial disclosures, provided in January 2016, nor his 'All-inclusive Witness List,' provided on November 4, 2016, includes any contact information for any of [Mr. Davis's] 29 witnesses." (*Id.*) Defendant again requested this information in an

---

[2] *See, e.g., Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135 (10th Cir. 2007); *Schroeder v. Southwest Airlines*, 129 F.Appx. 481 (10th Cir. 2005).

interrogatory on May 2, 2017 to which Plaintiff did not respond. (*Id.*; ECF No. 44.) Defendant "independently sought to locate each of Plaintiff's witnesses among its personnel records, but did not have current contact information for 13 of Plaintiff's 29 witnesses." (ECF No. 72 at 3.) Defendant claims he "has been prejudiced because he was unable to depose any of these 13 witnesses during the 18-month discovery period in this case" and so "[P]laintiff should be precluded from introducing the testimony of the 13 witnesses." (*Id.* at 4.)

In his Response to Defendant's proposed sanctions, Mr. Davis argued that all of the 13 witnesses were employees at the Denver Regional Office of the Department of Veteran's Affairs and "[t]hus, the Defendant was in possession of the contact information for all 29 persons named on Plaintiff's witness list." (ECF No. 73 at 2.) Mr. Davis further explained that "nineteen of the twenty-nine persons designated by [him] as having any information about the case had already testified under oath at the EEOC hearing in 2012." (*Id.*)

In light of this, the Court will reopen discovery for 120 days to permit Defendant to depose any of the 13 witnesses referenced in the pleadings which it had not previously been able to depose in this action.[3]

Second, Defendant proposes that "Plaintiff should be ordered to produce Mr. Davis's complete tax returns for 2015, 2016, and—once they are prepared—2017."

---

[3] The Court understands that Plaintiff has not provided contact information for nine of these witnesses and Defendant has not been able to locate them either. Of course, if neither Plaintiff nor Defendant can locate these witnesses, they are for all practical purposes effectively excluded from trial in this case. But the Court is not formally ordering their exclusion at this time.

(ECF No. 72 at 4.) Mr. Davis had stated that he "has no problem with Defendant's request for [his] Income Tax Returns." Thus, Plaintiff must provide Mr. Davis's tax returns to Defendant within 30 days of this order.

Third, Defendant proposes a supplemental deposition of Mr. Davis "for the limited purpose of questioning him about the information contained in his belated discovery responses." (ECF No. 72 at 6.) This proposed sanction is obviously no longer feasible given the death of Mr. Davis.

Accordingly, the Recommendation is overruled and the Court applies the sanctions described above in lieu of dismissal with prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objection to the Magistrate Judge's Recommendation (ECF No. 58) is SUSTAINED;

2. The Magistrate Judge's Recommendation (ECF NO. 57) is OVERRULED;

3. The Court applies the following alternative sanctions:

    a. Discovery is reopened for 120 days from the date of this Order, to permit Defendants to depose any of the 13 witnesses discussed above which he had not been able to depose previously;

    b. Plaintiff is ordered to provide Mr. Davis's tax returns to Defendant within 30 days of this order; and

4. The parties are directed to jointly contact Judge Tafoya's Chambers no later than **June 1, 2018** for the purpose of scheduling a status conference to discuss,

without limitation, preparation of a revised Scheduling Order consistent with this Order, and such other further proceedings as Judge Tafoya deems appropriate.

Dated this 29th day of May, 2018.

BY THE COURT:

_____
William J. Martínez
United States District Judge